UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:08CR177 HEA |
| CHARLES R. MURRAY, | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Memorandum and Recommendation, [Doc. No. 45], of United States Magistrate Judge Terry I Adelman, pursuant to 28 U.S.C. § 636(b). Judge Adelman recommends that Defendant's Motion to Suppress Statements, [Doc. No. 15] and Motion to Suppress Physical Evidence, [Doc. No. 16], be denied. Defendant has filed Objections to the Memorandum and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. See United States v. Lothridge, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a de novo review of the magistrate's findings of fact, including any credibility

determinations. Id. The court has reviewed the entire record, including listening to the audio recording of the hearings held on September 5, 2008 and December 1, 2008 and reviewing the transcripts thereof.

## Discussion

Defendant challenges Judge Adleman's conclusion of law that the application for the search of Defendant's home was based on probable cause. Probable cause exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 214, (1983). This requires consideration of the totality of the circumstances. *United States v. Gamboa*, 439 F.3d 796, 805 (8th Cir. 2006). In analyzing the totality of the circumstances, an informant's veracity, reliability, and basis of knowledge are all relevant and important factors. *Gates*, 462 U.S. at 230. "The core question in assessing probable cause based upon information supplied by an informant is whether the information is reliable." *United States v. Williams*, 10 F.3d 590, 593 (8th Cir.1993); *United States v. Palega*, 556 F.3d 709, 714 (8th Cir. 2009).

"A warrant is supported by probable cause if there is a fair probability that contraband or evidence of a crime will be found in the place to be searched." *United States v. Thompson*, 210 F.3d 855, 860 (8th Cir.2000) (internal quotation omitted). A magistrate considers the totality of the circumstances in making a probable cause

determination, and "a warrant is proper so long as the evidence as a whole creates a reasonable probability that the search will lead to the discovery of evidence." *United States v. Chrobak*, 289 F.3d 1043, 1046 (8th Cir.2002) (internal quotation omitted). *United States v. Paton*, 535 F.3d 829, 836 (8th Cir. 2008).

The affidavit in support of the warrant to search Defendant's home provided a sufficient nexus between the location to be searched and the evidence sought. The affidavit shows that the emails were likely received by Defendant and were likely to remain on Defendant's computer for extended periods of time because of the nature of child pornographers, based on the affiant's experience as a long time investigator of child pornography. Based on the totality of the circumstances, the affidavit provided a fair probability that evidence of child pornography would be found in Defendant's home. Defendant's objection is overruled.

Defendant also objects to the manner in which the search warrant was executed. Defendant challenges the failure to knock and announce the presence of the police officers. When the agents arrived, the door was answered by one of Defendant's children, who then left to find his father. The agents entered the home through the open door, but did not announce their presence, as they believed it unnecessary by reason of the fact that their presence was known or soon to be known. They did not cause any damage to the door upon entering, nor were guns

drawn. Upon finding Defendant, the agents advised him of the search warrant. Defendant was not threatened, nor was he restrained in any way. Although Defendant claims that the agent did not articulate any reasonable suspicion that knocking and announcing their presence under the particular circumstances would be dangerous or futile, Agent Chapman did indeed testify that he believed that the agents' presence was known or soon to be known. He also testified that he did not know who was in the residence. The objection is therefore overruled.

Finally, Defendant contends that the statements made by him were custodial statements and thus required the *Miranda* warning. *Miranda v. Arizona*, 384 U.S.436, 444 (1966). The Fifth Amendment to the Constitution protects an individual from being compelled to be a witness against himself in a criminal case. **U.S. Const. amend. V**. To safeguard an individual's Fifth Amendment rights, a suspect in custody must be warned before being interrogated that he has the right to remain silent and that any statement he makes may be used against him. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The safeguards described in *Miranda* only apply when a suspect is in custody. *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977) (per curiam).

The Eighth Circuit has developed a series of factors for determining when an individual is in custody. *United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990). These factors include: (1) whether the officer informed the

suspect that the questioning was voluntary and the suspect was free to leave; (2) whether the suspect's freedom of movement was restrained during the questioning; (3) whether the suspect contacted the authorities or voluntarily agreed to answer the questions; (4) whether the officers employed strong-arm tactics or deceptive tactics during the questioning; (5) whether the atmosphere of the questioning was police-dominated; or (6) whether the officers placed the suspect under arrest at the end of the questioning. *Id*. In all cases, the relevant inquiry is how a reasonable person in the suspect's position would have understood the situation. *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984).

There are "discrepancies" between the agent's testimony and Defendant's, however, these discrepancies are insignificant in the Court's analysis. Agent Chapman testified that Defendant was told he would not be arrested; Defendant testified that he was not told that he would not be arrested until after the interview and that his impression was that he was under arrest. Defendant testified that he was under the "sense" that he was going to be arrested. However, the agents allowed Defendant to get one of his children breakfast and to call his mother. Agent Chapman testified that the interview took place around the kitchen table, while Defendant testified that the interview took place in some chairs with Defendant's back to the stove and the officers' chairs facing him. While Defendant testified that it was his "impression" that he needed to stay where he was, he was not restrained

in any way at that time; when he requested to get the breakfast, he was allowed to do so. He was allowed to get a glass of water during the interview and was allowed to go outside to speak with his mother. He admits that he was never told to sit in a particular chair; he was not pushed into the chair; he was never told to remain in the chair. Defendant was not threatened in any way throughout the course of the interview. Indeed, Defendant was allowed to get up from the chair to perform the requested tasks. Defendant never requested a lawyer.[1]

In this case, Defendant was not in custody; he was in his own home. He was advised that he was not under arrest. During the questioning, neither agent employed any strong-arm tactics, nor subjected Defendant to any duress, coercion, or threat of punishment. There is no indication the questioning was police-dominated nor that Defendant's responses were involuntary. Defendant was not handcuffed and he was free to move about his residence. He never requested a lawyer. Defendant's will was in no way overborne. Taken as a whole, these factors indicate Defendant was not in custody at the time of questioning. Accordingly, the *Miranda* safeguards did not apply when Defendant responded to the agents' questions. *Mathiason*, 429 U.S. at 495. Defendant's objections to Judge Adelman's Report and Recommendation are overruled. The Court, therefore adopts the thorough and well reasoned Report and Recommendation in its entirety.

---

[1] As previously stated, this Court has listened to the audio recordings of both hearings.

Conclusion

Having conducted a de novo review of the Motions to Suppress and the record before the Court, Defendant's objections are overruled. The Memorandum and Recommendation contains a very thorough analysis of the facts and applicable law. The Court, therefore will adopt Judge Adelman's Recommendation.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress Statements, [Doc. 15], and Motion to Suppress Physical Evidence, [Doc. 16], are **DENIED**.

Dated this 2nd day of April, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE